UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RICKEY ANTHONY FUQUEA ) | |
| ) | |
| v. ) | Case Nos: 1:05-CR-147 \ 1:08-CV-98 |
| ) | Chief District Judge Curtis L. Collier |
| UNITED STATES OF AMERICA ) | |

**MEMORANDUM**

Ricky Anthony Fuquea ("Fuquea") has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Crim. Court File No. 37). Fuquea asserts two claims for which he seeks relief. The first claim contends Fuquea's Presentence Investigation Report ("PSR") was incorrectly calculated (Crim. Court File No. 37). The second claim is he was improperly sentenced as an Armed Career Criminal, 18 U.S.C. § 924(e) (Crim. Court File No. 37 at 5).

After reviewing the materials submitted, along with the record of the underlying criminal case, the Court finds they show conclusively Fuquea is not entitled to relief on the claims asserted and an evidentiary hearing is not needed in this matter. *See United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir. 1993). Accordingly, the Court will decide the matter and explain the reasons Fuquea's asserted grounds for relief are without merit. Rule 8(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

### I. BACKGROUND

#### A. Procedural Background

Fuquea was indicted on three counts on December 13, 2005: first, for being a felon in

possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1); second, for attempting armed robbery in violation of Title 18, United States Code, Section 1951; and third, for knowingly using and brandishing a firearm in relation to a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) (Crim. Court File No. 1). On September 11, 2006, Fuquea pleaded guilty, pursuant to a plea agreement, to Counts One and Two of the indictment (Crim. Court File No. 25). Count Three was later dismissed (Crim. Court File No. 33). The PSR calculated Fuquea's adjusted offense level at 34, which included a base offense level of 32 for abduction pursuant to USSG § 2A4.1 plus an increase of two levels for the use of a dangerous weapon (PSR ¶ 18). This offense level was reduced to 31 for acceptance of responsibility (PSR ¶ 30). Fuquea's criminal history points totaled 14, which included two points for committing an offense while on probation and one point for committing an offense within two years following release from custody, resulting in a criminal history category of VI ( PSR ¶¶ 46, 47). On May 17, 2007, Fuquea was sentenced to 211 months of imprisonment (Crim. Court File No. 33). He did not appeal his sentence. Fuquea filed a timely 28 U.S.C. § 2255 motion on April 23, 2008 (Crim. Court File No. 37).

    **B.**    **Factual Background**

In the plea agreement, Fuquea stipulated to the following facts:

a. On or about August 29, 2005, at approximately 1:45 a.m., the defendant, who had been hiding behind some bushes in front of the Taco Bell restaurant, located at 6210 Lee Highway in Chattanooga, Tennessee, emerged from the shrubbery and approached two females who were standing near their car, parked outside the restaurant. The defendant was carrying a rifle pointed at the ground and asked for a ride. When they asked him where he wanted a ride to, he pointed the rifle at them and told them to go into the restaurant. They complied.

b. Once inside, the defendant ordered the two females and the store clerk onto the floor. The manager was unaware of the robbery until he noticed the three laying on the ground as he approached the front of the store.

c. At gunpoint, the defendant ordered the manager to give the defendant all the money. The defendant demanded that the manager place the money in a cup, and he complied. The defendant then ordered the manager to open the safe. The manager opened the safe, and when the defendant leaned over to peer inside, the manager grabbed the rifle and used it to pin the defendant up against the wall. The store clerk assisted in attempting to subdue the defendant. During the struggle, the defendant pulled a knife and brandished it at the employees. One of the females found a metal pole which she used to repeatedly strike the defendant in the head until he dropped the knife. The police arrived and arrested the defendant, who informed them that he was a felon.

(Crim. Court File No. 26).

## II. STANDARD OF REVIEW

This Court must vacate and set aside the sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. Under Rule 8(a) of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to review the answer, any transcripts, and records of prior proceedings and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green v. Wingo*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir.

3

1959), *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

## III.  ANALYSIS

Fuquea asserts two claims in his petition. Fuquea contends his PSR was incorrectly calculated. Further, Fuquea contends he was convicted under the Armed Career Criminal Act incorrectly. Fuquea's allegations arise from the designation of his escape conviction committed March 23, 1981, as a predicate offense under the Armed Career Criminal Act. Since both arguments stem from the alleged application of the Armed Career Criminal Act, the Court will resolve them together.

The Armed Career Criminal Act, 18 U.S.C. § 924(e), provides that a felon who possesses a firearm, in violation of § 922(g), is subject to a mandatory sentence of 15 years of imprisonment

4

if he has three prior convictions "for a violent felony or serious drug offense." *James v. United States*, 550 U.S. 192, 195 (2007).

For the Armed Career Criminal Act to apply, a defendant must have at least three predicate offenses. 18 U.S.C. § 924(e)(1). Fuquea's PSR designated only two potential predicate offenses, an armed robbery (PSR ¶ 39) and the contested escape conviction (PSR ¶ 36). Because the statute requires three offenses, the Armed Career Criminal Act did not apply and Fuquea was not sentenced pursuant to the Armed Career Criminal Act. Thus, the designation of the escape conviction as a predicate offense under the Armed Career Criminal Act had no effect on Fuquea's sentence.

Because Fuquea's sentence was not pursuant to the Armed Career Criminal Act, Fuquea is not entitled to relief under 28 U.S.C. § 2255.

## IV. CONCLUSION

Upon a careful review of the record, the Court determines Fuquea is not entitled to any relief under 28 U.S.C. § 2255 as his sentence does not violate the Constitution or laws of the United States. Accordingly, Fuquea's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 will be **DENIED**.

The Court has reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure and hereby will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Fuquea for leave to proceed *in forma pauperis* on appeal is will be **DENIED**. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

If any appeal is taken from this action, such notice will be treated as an application for a

certificate of appealability, which will be **DENIED** since Fuquea has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**